Dear Ms. Morris:
You have requested an Attorney General's opinion on the subject of the authority of fire protection districts to call elections on the question of the imposition of ad valorem taxes.
As your letter notes, La. Const. Art. VI, Sec. 32 places no limitation upon the amount of taxes that may be authorized by the electorate for "the purpose of acquiring, constructing, improving, maintaining or operating any work of public improvement". On the other hand, La. R. S. 40:1501A, which imposes a ten mill and a ten year limitation upon the amount of taxes a fire protection district may levy, provides that the district's electorate may authorize the imposition of ad valorem taxes "for the purpose of maintaining and operating the district's fire protection facilities for purchasing fire trucks and other fire fighting equipment and paying the cost of obtaining water for fire protection purposes, including charges for hydrant rentals and service."
Since a number of fire protection districts have submitted requests to conduct elections wherein the proposition seeks to levy taxes in excess of ten mills, you have requested that we address the following questions:
1. "Whether an ad valorem tax for the purpose of `acquiring, constructing, improving, maintaining and operating fire protection facilities including equipment and paying thecost of obtaining water for fire protection purposes and the costof providing services to injured or ill persons in emergencysituations' falls within the taxing authority of Article VI, Section 32 of the Constitution".
2. "Whether the constitution permits an ad valorem tax to be levied by a fire protection district for the purposes of `maintaining and upgrading substations and equipment and paying the cost of obtaining insurance'".
3. "Whether the constitution simply permits fire protection districts calling elections to use ballot language which mirrors the purposes stated in the constitution i.e. for `acquiring, constructing, improving, maintaining or operating fire protection facilities'."
In Atty. Gen. Op. No. 77-341, this office was asked to address the question of whether La. Const. Art. VI, Sec. 32
permits the calling of a special election in a fire protection district for the purpose of levying a ten mill tax to be used for acquiring fire trucks and fire fighting equipment, as well as for the operation and maintenance of the district's facilities, as a self-operative provision without further legislation. Pertinently, that opinion provides:
 "It is the opinion of this office that Article VI, Section 32 is self-operative. However, it is further the opinion of this office that only a project which qualifies as a `work of public improvement' may be funded by taxes levied pursuant to that provision. A `work of public improvement' would necessarily constitute a capital improvement such that investment made with tax proceeds would be made with the expectation of the existence of the object of the investment for an indefinite period of time. For example, such funds could be spent on the acquiring of lands, buildings, and the equipping of such buildings only if such equipment was of a permanent nature. As you know, fire trucks and firefighting equipment have life expectancies such that the acquisition of such equipment does not constitute capital improvements unless such equipment is acquired as the initial equipping of a new station.
 "Therefore, Article VI, Section 32 cannot be relied upon as authority to levy a tax for the acquisition of fire trucks and firefighting equipment."
In response to your first question, it is the opinion of this office that the quoted proposition seeks voter approval of a tax for expenditure on items other than fire protection facilities. Although it is our opinion that a fire protection facility, such as a fire station, is a capital improvement and therefore a "work of public improvement", fire fighting equipment cannot be considered a "work of public improvement" unless acquired as the initial equipping of a new station. Atty. Gen Op. No. 77-341.
It is the opinion of this office that La. Const. Art. VI, Sec. 32 cannot be relied upon as authority for the levy of a tax to pay the cost of obtaining water and the cost of providing services to injured or ill persons. Although these costs represent valid expenditures by a fire protection district, these costs are not associated with the acquisition, construction, maintenance, or operation of "a work of public improvement". The quoted proposition does not fall within the taxing authority of La. Const. Art. VI, Sec. 32.
We note that La. Const. Art. VI, Sec. 30 authorizes political subdivisions to exercise the power to tax "under authority granted by the legislature" for local and public purposes. In accordance with Art. VI, Sec. 30 La. R. S. 40:1501A constitutes legislative authority for fire districts to purchase fire trucks and other equipment and to pay the cost of obtaining water. However, in accordance with La. R. S. 40:1405A, the proposition submitted to the voters must refer to the ten mill and ten year limitation required thereby. We also are compelled to point out that La. R.S. 40:1501A does not provide fire protection districts with the authority to levy taxes for the cost of providing services to injured or ill persons.
We now turn to your second question. In accordance with the reasoning and authority cited in our response to your first question, it is the opinion of this office that La. Const. Art.VI, Sec. 32 provides self-operative authority for a fire protection district to levy a tax for the purpose of maintaining and upgrading substations, which are works of public improvement. As previously noted, however, a fire protection district must have legislative authority, in accordance with La. Const. Art.VI, Sec. 30, to levy taxes for the purpose of maintaining and upgrading equipment and for the purpose of paying the cost of obtaining insurance. In our opinion, La. R. S. 40:1405A provides fire districts with the requisite legislative authority to levy ad valorem taxes for the maintenance and upgrade of equipment, but the proposition submitted to the voters in accordance with La. R.S. 40:1405A must contain the requisite ten mill and ten year limitations. Furthermore, La. R. S. 40:1405A does not authorize the levy of ad valorem taxes for the purpose of paying insurance costs.
With regard to your third question, it is the opinion of this office that the constitution permits fire protection districts calling elections to use ballot language which mirrors the purposes stated in La. Const. Art. VI, Sec. 32, i.e. for "acquiring, constructing, improving, maintaining or operating fire protection facilities". Furthermore, fire protection districts are not prohibited from using other ballot language, as long as any propositions submitted to the electorate in reliance upon Art. VI, Sec. 32 is authorized thereby. As previously stated, the provisions of La. Const. Art. VI, Sec. 32 are self-operative.
This office has previously rendered an opinion, namely 90-24, which incorrectly indicates that the legislature can limit the millage amount assessed by fire protection districts for any purpose, even works of public improvement. In spite of the self-operative provisions of La. Const. Art. VI, Sec. 32, these opinions indicate that the provisions of Art. VI, Sec. 32 must be construed in pari materia with La. Const. Art. VI, Sec. 19, which provides legislative authority for the creation and delegation of powers to special districts.
While it is true that constitutional provisions must be read in pari materia, Atty. Gen Opinion No. 90-24 contains an incorrect conclusion. Although the legislature has the authority to create special districts and define their powers, it is the opinion of this office that if the legislature creates a political subdivision, it can only do so in accordance with Art. VI, Sec. 32. As such, any political subdivision so created has the power to levy special taxes, "when authorized by the majority of the electors", for the purpose of acquiring, constructing, improving, maintaining, or operating any work of public improvement". Atty. Gen. Opinion No. 90-24 is hereby recalled.
In light of our opinion herein that firefighting trucks and equipment are not "works of public improvement", we are also constrained to recall Ops. Atty. Gen. 1944-46, p. 520 and Ops. Atty. Gen., 1934-36, p. 1461. Those opinions interpret Article X, Section 10 of the Constitution of 1921, which is the predecessor provision to La. Const. Art. VI, Sec. 32 1974, and defined firefighting trucks and equipment as works of public improvement, in contravention to the opinion expressed herein.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv